UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

DONALD F. HARKER, III,

    Plaintiff,                                               Case No. 3:21-cv-22

vs.

ERIC WEBB,                                             District Judge Michael J. Newman

    Defendant.

---

DONALD F. HARKER, III,

    Plaintiff,                                               Case No. 3:21-cv-23

vs.

CHRISTOPHER F. CUMMINGS,             District Judge Michael J. Newman

    Defendant.

---

**ORDER: (1) DIRECTING THE CLERK OF COURT TO ADMINISTRATIVELY CLOSE THESE CASES; AND (2) AUTHORIZING THE PARTIES TO REFILE ANY MOTIONS IF THE BANKRUPTCY COURT CERTIFIES THAT THE CLAIMS BEFORE THIS COURT ARE RIPE FOR A JURY TRIAL**

---

        These cases are before the Court after it denied Defendants' motions to withdraw and ordered that these cases be returned to the Bankruptcy Court. Doc. No. 7 at PageID 60. That Order resolved the initial motions to withdraw, and noted, "[i]t may be appropriate . . . to hold a jury trial on the claims . . . at some point in the future[,]" and "[i]f the Bankruptcy Court certifies that the claims are trial-ready, [Defendants] can renew their withdrawal motions for the Court's reconsideration." *Id.* (citations omitted). Since that Order, the parties have returned to the

Bankruptcy Court, where the cases remain pending. In the instant cases, there have been no filings or docket activity since the parties returned to the Bankruptcy Court.

These cases are ripe for administrative closure. This "tool of docket management" allows district courts "to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (quoting *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999)) (citing *CitiFinancial Corp. v. Harrison*, 453 F.3d 245, 250 (5th Cir. 2006)). "The closing 'has no effect other than to remove a case from the [district] court's active docket and permit the transfer of records associated with the case to an appropriate storage repository.'" *Id.* (alteration in original) (quoting *Lehman*, 166 F.3d at 392). Administrative closure will not dismiss a case, *see Freeman v. Pittsburgh Glass Works, LLC*, 240, 246 (3d Cir. 2013), and "[i]n no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." *Lehman*, 166 F.3d at 392 (quoting *In re Arb. Between Phila. Elec. Co. v. Nuclear Elec. Ins. Ltd.*, 845 F. Supp. 1026, 1028 (S.D.N.Y. 1994)).

These cases have been "dormant" since the Court's order denying, without prejudice, the motions to withdraw. *Rodriguez*, 62 F.4th at 274. To effectuate efficient case management, the Court **DIRECTS** the Clerk of Court to **ADMINISTRATIVELY CLOSE** these cases. Either party may refile their withdrawal motions to resume litigation in this Court, pursuant to the Order denying the motions to withdraw, if the Bankruptcy Court certifies that the claims presently before the Court are ripe for a jury trial.

**IT IS SO ORDERED.**

  April 7, 2023                                  s/Michael J. Newman
                                                                    Hon. Michael J. Newman
                                                                    United States District Judge